IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 15-CV-00578-RPM

ALIA BLANKENSHIP

    Plaintiff,

v.

GOLDEN RULE INSURANCE COMPANY, and
VIMO, INC. d/b/a GETINSURED.COM

    Defendants.

## AGREED PROTECTIVE ORDER

Plaintiff and Defendants, hereafter referred to individually and collectively as "Party" or "Parties," stipulate by and through their counsel of record in the above-styled and numbered cause (the "Action") that:

1.     A Party may designate as "Confidential" any testimony, documents, discovery responses, records or tangible things served or produced by that Party in response to formal discovery demands, disclosures, or subpoenas, which the Party so designating in good faith asserts contain, reflect, refer to, disclose, or constitute any information protected by the Health Insurance Portability and Accountability Act or any trade secrets, confidential, financial, business, client, or proprietary information of the Party so designating (information designated as "Confidential" shall collectively be referred to herein as "Confidential Information"). For the purposes of this Protective Order, "proprietary information" is the whole or any portion or phase of any scientific or technical information, design, process, procedure, formula, improvement,

confidential business or financial information, listing of names, addresses, or telephone numbers, or other information relating to any business or profession which is secret and of value which the Parties have taken measures to prevent from becoming available to persons other than those selected by the Parties to have access thereto for limited purposes. See section 7-74-102(4), C.R.S.; Gognat v. Ellsworth, 259 P.3d 497 (Colo. 2011).

2. In order to designate documents, records, or tangible things as Confidential Information, the producing Party shall stamp each page of such material as "Confidential" and, in the case of information produced in electronic format, the producing Party shall stamp the CD containing the electronic data as "Confidential."

3. The Parties shall not disclose or use any Confidential Information, or copies thereof, other than in accordance with the terms and conditions of this Protective Order.

4. Confidential Information shall not be used or communicated for any purpose other than the conduct of this Action. No one shall be permitted access to Confidential Information except for the prosecution or defense or appeal of this Action, except that a Party may use their own Confidential Information for any purpose.

5. Confidential Information may be disclosed only to the following:

(a) The receiving Party's counsel of record and counsel's employees to whom it is necessary that such information be shown for purposes of conducting the Action;

(b) Experts and consultants retained by counsel for the receiving Party for the conduct of the Action so long as they first sign the Declaration attached as Exhibit

A (which shall be retained by counsel) and thereby agree to be bound by the Agreed Protective Order;

(c) The receiving Party and the receiving Party's officers, employees, agents, and representatives, who assist counsel for the receiving Party in the conduct of the Action;

(d) Deponents of the Parties at their depositions and such court reporter personnel only to the extent necessary for purposes of conducting the Action;

(e) Third-party witnesses to whom it is necessary that such information be shown for purposes of conducting the Action, as long as they first sign the Declaration attached as Exhibit A (which shall be retained by counsel) and thereby agree to be bound by the Agreed Protective Order; and

(f) The Court (including Court personnel and jurors) in accordance with the provisions of paragraph 6 of this Protective Order.

6. Confidential Information may be filed with the Court only as a Level 1 restricted document in compliance with D.COLO.LCivR. 7.2(e). All Confidential Information filed with the Court shall remain Confidential as between the Parties and subject to this Protective Order.

7. Confidential Information may be used in deposition proceedings in the Action and marked as exhibits to depositions only as follows:

(a) If a Party asserts confidentiality with respect to all or any portion of deposition testimony and/or deposition exhibits, that Party shall, during the deposition or within twenty (20) business days after the deposition transcript is received by the Party, designate in writing to opposing counsel with specificity

3

the portions of the deposition and/or deposition exhibits with respect to which confidentiality is asserted. The deposition and exhibits shall be deemed confidential during the pendency of such twenty (20) business days or until such written designation is made, whichever event occurs first.

8. This Protective Order shall not abrogate or diminish any contractual, statutory or other legal privilege or protection of a Party or person with respect to any Confidential Information. The fact that any materials are designated "Confidential" pursuant to this Protective Order shall not affect or operate as a means of objection to the admissibility of any such material. The fact that materials are designated as "Confidential" pursuant to this Protective Order shall not affect what a trier of fact in the Action or any other proceeding may find to be confidential or proprietary. However, absent a court order, written agreement of the Parties hereto to the contrary, or as provided herein, no Party may disclose or use any Confidential Information obtained from another party through discovery in this Action other than in accordance with this Protective Order. Any Party may challenge the other Party's designation of a document or testimony or portion thereof as "Confidential." The Party shall not be obliged to challenge the proprietary of a "Confidential" designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto. In the event that any Party to this litigation takes issue at any stage of these proceedings at or before trial with such designation, such Party shall provide to the producing Party written notice of its disagreement with a designation. The Parties shall confer to determine whether the dispute can be resolved without the need for Court intervention. If the dispute cannot be resolved by mutual agreement, the Party challenging the designation may seek ruling on its challenge from the Court by motion, giving at least 7 days

advance written notice to the producing Party. The fact a document has been designated as "Confidential" shall not prejudice a Party's right to move the Court to challenge the designation of the document as "Confidential," and in connection with the Court's review of the designation, the burden of establishing that the document contains a trade secret, confidential research, development, or commercial information, or personal and confidential information shall remain on the Party making the designation.

9. This Protective Order shall apply to all "Confidential Information" that is being produced by the Parties as part of their disclosures, in response to interrogatories, requests for production, requests for admission, and any subpoena duces tecum. Due to the ongoing nature of discovery in this matter, and pursuant to agreement of the parties, the terms of this Protective Order will also apply to "Confidential Information" that may be produced by the Parties at a later date, whether such documents or information is produced pursuant to a specific discovery request or due to C.R.C.P. 26 disclosure obligations. This Protective Order shall not apply to any documents or information obtained by the Parties outside of the other Parties' disclosures and productions in this matter, pursuant to Jessee v. Farmers Ins. Exchange, 147 P.3d 56 (Colo. 2006).

10. Neither the taking of, nor the failure to take, any action to challenge any designation of confidentiality pursuant to this Protective Order or to enforce the provisions of this Protective Order shall constitute a waiver of any right, claim or defense by a Party in this Action.

11. Other than specifically provided herein, this Protective Order does not expand or limit the scope of discovery or the rights and the obligations of any Party with respect thereto in the Action or any other proceeding.

12. Nothing in this Protective Order shall preclude any Party from moving this Court to modify this Protective Order or seeking any alternative or additional protection with respect to the use and disclosure of any documents or materials.

13. Within thirty (30) days of written request by the producing Party, after final termination, settlement, or dismissal of this Action, counsel for a Party who has received Confidential Information from such producing Party will return all such Confidential Information in its possession, custody, or control, and all portions, summaries, abstracts, indices or copies thereof (except to the extent that any of the foregoing includes or reflects such counsel's work product) to counsel for the Party who provided them, or will certify in writing to counsel for the Party who provided them that all of such Confidential Information has been destroyed.

14. This Protective Order may be amended or modified only by written stipulation of the Parties or by order of the Court.

SIGNED this 14 day of ~~September~~ October, 2015.

Richard P. Matsch
Senior U.S. District Court Judge

**AGREED TO:**

*[signature]*

s/ J. Keith Killian
J. Keith Killian, Esq.
Killian Davis Richter & Mayle, PC
PO Box 4859
202 North Seventh Street
Grand Junction, CO 81501
Phone: 970.241.0707
Fax: 970.242.8375
Email: keith@killianlaw.com

s/ Debra A. Stevens, Esq.
Debra A. Stevens, Esq.
Resnick & Lewis, PC
6500 South Quebec Street
Denver, CO 80111
Phone: (303)872-6226
Fax: (602)456-7587
Email: Dstevens@rlattorneys.com

s/ Tory D. Riter
Tory D. Riter, Esq.
William J. Young, Esq.
Baldwin, Morgan & Rider PC
1512 Larimer Street, Suite 450
Denver, CO 80202
Phone: (303) 623-1832
Fax: (303) 623-1833
Email: tory@bmrpc.com,
jono@bmrpc.com

**AGREED TO:**

s/ J. Keith Killian
J. Keith Killian, Esq.
Matt Parmenter, Esq.
Killian David Richter & Mayle, PC
202 North Seventh Street
Grand Junction, CO 81501
Phone: 970.241.0707
Fax: 970.242.8375
Email: keith@kilainlaw.com

s/ Debra A. Stevens, Esq.
Debra A. Stevens, Esq.
Resnick & Lewis, PC
6500 South Quebec Street
Denver, CO 80111
Phone: (303)872-6226
Fax: (602)456-7587
Email: Dstevens@rlattorneys.com

s/ Tory D. Riter
Tory D. Riter, Esq.
William J. Young, Esq.
Baldwin, Morgan & Rider PC
1512 Larimer Street, Suite 450
Denver, CO 80202
Phone: (303) 623-1832
Fax: (303) 623-1833
Email: tory@bmrpc.com,
jono@bmrpc.com

## Exhibit "A"

## DECLARATION

1. My name is _____. I am over the age of twenty-one (21) and have personal knowledge of the matters set forth herein.

2. I have read the Agreed Protective Order in the action styled: *Alia Blankenship v. Golden Rule Insurance Company and Vimo, Inc. d/b/a Getinsured.com*, United States District Court for the District of Colorado, case no. 15-CV-00578-RPM ("the Action"), a copy of which has been provided to me.

3. I have been informed by _____, counsel for _____, that Confidential Information, as defined in the Agreed Protective Order, may be shown to me for purposes of conducting the Action.

4. I promise that I have not and will not divulge, or undertake to divulge to any person or recording device any Confidential Information shown or told to me except as authorized in the Agreed Protective Order. I further represent that I will not use any Confidential Information for any purpose other than the Action, and that at the termination of the Action, I will return all Confidential Information with which I have been provided, and copies thereof, to the counsel from whom I received such Confidential Information.

5. I will abide by the terms of the Agreed Protective Order.

6. For the purpose of enforcing the terms of the Agreed Protective Order, I hereby submit to the jurisdiction of the Court in the Action.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED this _____ day of _____, 2015.

By: _____

Name Printed: _____

1